UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PETER ERIKSEN, and MARY EMMA ERIKSEN,<br><br>           Plaintiffs,<br><br>     vs.<br><br>WASHINGTON STATE PATROL, a state agency, and agents 1-10; KITTITAS COUNTY, a municipal corporation, and agents 11-20; and CITY OF CLE ELUM, a municipal corporation, and agents 21-30,<br><br>           Defendants. | NO.  CV-05-0195-LRS<br><br>ORDER GRANTING DEFENDANTS CITY OF CLE ELUM AND AGENTS 21-30 MOTION TO DISMISS PURSUANT TO RULE 12(b) AND RULE 41(b) |

BEFORE THE COURT is Defendants' City of Cle Elum and Agents 21-30 Motion to Dismiss Pursuant to Rule 12(b) and Rule 41(b), Ct. Rec. 10, filed February 24, 2006.

**DISCUSSION**

Pro se plaintiffs filed their Complaint on August 2, 2005 alleging personal injuries and civil rights violations arising from events occurring on June 24, 2002. On October 5, 2005, this Court entered an Order Re: Service (Ct. Rec. 8), directing plaintiffs to serve upon Defendants the Summons and Complaint pursuant to Federal Rules of Civil Procedure Rule 4.

ORDER – 1

If the plaintiffs fail to properly serve the summons and complaint within 120 days of filing the complaint, Rule 4(m) directs the Court to dismiss the case.  However, Rule 4(m) provides that dismissal for failure to serve is only appropriate in the absence of good cause for the plaintiff's failure to show why service was not made within the 120-day period.  4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 at 340-69 (3d ed.2002) [hereinafter "WRIGHT & MILLER"].

The 120-day time period is calculated from the filing of the complaint, not the issuance of the summons.  Two hundred forty-eight (248) days have passed since plaintiffs filed their Complaint. Plaintiffs have failed to properly serve the City of Cle Elum, as the purported "waiver" plaintiffs describe in their paper titled "Plaintiffs Objection to Motion of Defendants City of Cle Elum & Agents 21-30 To Dismiss" is ineffective and cannot be utilized with a defendant who is a governmental entity under Rule 4(j).  Further, plaintiffs have not served Agents 21-30 nor have they even attempted to identify such agents through discovery.

Defendants further argue that plaintiffs cannot show good cause for their failure to properly effect service when they have failed to prosecute this action with reasonable diligence as required by Fed.R.Civ.P. 41(b).  Although plaintiffs indicate they have at least attempted service of the Defendant City only, the mere effort to obtain a waiver does not establish good cause for failure to timely serve.  *Khorozian v. McCullough*, 186 F.R.D. 325 (D.N.J.1999). Plaintiffs have been on notice since February 24, 2006 that the

ORDER - 2

service effected upon the City was not proper. Plaintiffs have not even requested an extension of time to effect proper service.

Generally *pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. *Moore v. Agency for Intern. Development*, 994 F.2d 874 (C.A.D.C 1993). However, as the Defendants correctly note, the claims against the City and "unknown agents" are now time-barred under the applicable statute of limitations for personal injuries and 42 U.S.C. §1983 claims. Personal injury claims in Washington must be brought within a three-years limitations period pursuant to RCW 4.16.080. Claims under 42 U.S.C. §1983 must also be brought within three years under R.C.W. 4.16.080(2). *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). Under Rule 12(b)(6), the claims against the Defendants must be dismissed with prejudice for failure to state a claim upon which relief may be granted. Accordingly,

**IT IS ORDERED** that Defendants City of Cle Elum and Agents 21-30 Motion to Dismiss Pursuant to Rule 12(b) and Rule 41(b), **Ct. Rec. 10,** filed February 24, 2006 is **GRANTED.** The claims against DEFENDANTS CITY OF CLE ELUM AND AGENTS 21-30 are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the District Court Executive shall prepare and enter judgment consistent with this order.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to counsel and pro se Plaintiffs.

**DATED** this  7th   day of April, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 3