UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PETER ERIKSEN, AND MARY EMMA ERIKSEN,<br><br>        Plaintiffs,<br><br>  vs.<br><br>WASHINGTON STATE PATROL, a state agency, and agents 1-10; KITTITAS COUNTY, a municipal corporation, and agents 11-20; and CITY OF CLE ELUM, a municipal corporation, and agents 21-30,<br><br>        Defendants. | NO.  CV-05-0195-LRS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

    BEFORE THE COURT is Defendants Washington State Patrol and Agents 1-10's Motion to Dismiss Plaintiffs' Claims (Ct. Rec. 23), filed March 30, 2006; Defendants Kittitas County and Agents 11-20's Motion to Dismiss Plaintiffs' Claims (Ct. Rec. 27), filed April 3, 2006; Plaintiffs' Motion for Extension of Time to Identify and Serve Defendants (Ct. Rec. 39) filed April 25, 2006; Plaintiffs' Motion to Vacate Order on Motion to Dismiss (Ct. Rec. 41), filed on May 5, 2006; and Plaintiffs' Notice of Default of Washington State Patrol & Agents 1-10 (Ct. Rec. 57), filed on May 16, 2006.[1]

---

[1] The Court construes this notice as a motion for default.

ORDER – 1

**DISCUSSION**

A.   State Defendants' Motion to Dismiss

*Pro se* plaintiffs filed their Complaint on August 2, 2005 alleging personal injuries and civil rights violations arising from events occurring on June 24, 2002.  On October 5, 2005, this Court entered an Order Re: Service (Ct. Rec. 8), directing plaintiffs to serve upon Defendants the Summons and Complaint pursuant to Federal Rules of Civil Procedure Rule 4.  On February 6, 2006, the plaintiffs asked the Washington State Attorney General's Office ("AGO") to waive service of the summons and complaint against Defendants Washington State Patrol and Agents 1-10 ("State Defendants").  Ct. Rec. 25, ¶ 2. In response, the AGO declined to waive proper service, relying on the comments to Fed.R.Civ.P. 4 that indicate that governmental entities are not subject to the waiver requirements of this rule.

State Defendants argue that claims against then must be dismissed for three (3) independent reasons: 1) the Court lacks jurisdiction over State Defendants where plaintiffs have failed to properly serve them; 2) State Defendants are immune from suit in federal court by virtue of the 11th Amendment; and 3) statute of limitations bars the plaintiffs' claims against the State Defendants.

If the plaintiffs fail to properly serve the summons and complaint within 120 days of filing the complaint, Rule 4(m) directs the Court to dismiss the case.  However, Rule 4(m) provides that dismissal for failure to serve is only appropriate in the absence of good cause for the plaintiff's failure to show why service was not made within the 120-day period.  4B CHARLES ALAN WRIGHT & ARTHUR R.

ORDER - 2

MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 at 340-69 (3d ed.2002) [hereinafter "WRIGHT & MILLER"].

Plaintiffs cannot show good cause for their failure to properly effect service when they have failed to prosecute this action with reasonable diligence as required by Fed.R.Civ.P. 41(b). Although plaintiffs indicate they have at least attempted service of the State Defendants, the mere effort to obtain a waiver does not establish good cause for failure to timely serve. *Khorozian v. McCullough*, 186 F.R.D. 325 (D.N.J.1999). Plaintiffs have been on notice since February 21, 2006 that the service attempted upon the State Defendants, through a request of waiver, was not proper. Ct. Rec. 25, Exh. B.

Generally *pro se* litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. *Moore v. Agency for Intern. Development*, 994 F.2d 874 (C.A.D.C 1993). However, as the State Defendants correctly note, the claims against the State Defendants and "unknown agents" are now time-barred under the applicable statute of limitations for state law claims and 42 U.S.C. §1983 claims. Claims under 42 U.S.C. §1983 must be brought within three years under R.C.W. 4.16.080(2). *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981).

State rules regarding commencement of a suit control when action filed in federal court is based upon a state claim. *Henderson v. U.S.*, 517 U.S. 654, 657, n. 2 (1996). As such, plaintiffs were required to effectuate service on at least one Defendant within 90 days of filing their complaint to prevent the tolling of the statute

ORDER - 3

of limitation for state law claims (i.e., assault and battery, false arrest, false imprisonment, and negligence). Therefore, plaintiffs failed to commence their suit within the statute of limitations for their assault and battery, false arrest, and false imprisonment state law claims by nearly a year and a half[2]. Plaintiffs failed to commence their suit within the statute of limitations for their negligence claim by nearly 6 months.[3]

Finally, the Eleventh Amendment immunity extends to State agencies when they are sued in federal court by their own citizens. *Welch v. Texas Dep't of Highways and Public Trans.*, 483 U.S. 468, 472 (1987). As State Defendants correctly point out, the plaintiffs' suit does not fall within a recognized exception to the 11th Amendment immunity, nor do the State Defendants waive their 11th Amendment immunity. Ct. Rec. 24, at 7. The enactments of 42 U.S.C §1983 and 42 U.S.C §1985 were not Congressional authorizations to sue States or state officials acting in their official capacities for monetary damages. *Austin v. State Indus. Ins. System*, 939 F.2d 676, 678 (9th Cir. 1991). The claims against the State Defendants must be dismissed with prejudice for the reasons discussed herein.

B.   Kittitas County's Motion to Dismiss

Defendants Kittitas County and Agents 11-20 ("County Defendants") assert that plaintiffs' claims against them must be dismissed for failure to properly serve County Defendants and because the statute of

---

[2] See RCW 4.16.100 recites a two year statute of limitations for assault and battery, false arrest, and false imprisonment claims.

[3] See RCW 4.16.080 recites a three year statute of limitations for negligence claims.

ORDER - 4

limitations bars the plaintiffs' claims.  County Defendants state that on March 3, 2006, a copy of the Summons and Complaint was delivered to the clerk in Kittitas County Auditor's office.  Kerley Affidavit, page 2.  County Defendants adopt and incorporate by reference the State Defendants' statement of facts set forth in their motion papers. County Defendants assert that plaintiffs' federal and state claims must be dismissed because the Court lacks jurisdiction over the individual County Defendants and the statute of limitations has expired.

Although plaintiffs argue that they "have requested discovery of defendants to identify all agents who have acted under the authority of government entities," the claims against the County Defendants must be dismissed with prejudice for the reasons discussed above relating to the statute of limitations and lack of timely service. Accordingly,

**IT IS ORDERED** that:

1. Defendants Washington State Patrol and Agents 1-10's Motion to Dismiss Plaintiffs's Claims, **Ct. Rec. 23**, filed March 30, 2006 is **GRANTED**.  All claims against Defendants Washington State Patrol and Agents 1-10 are **DISMISSED with prejudice**.

2. Defendants Kittitas County and Agents 11-20's Motion to Dismiss Plaintiffs' Claims, **Ct. Rec. 27**, filed April 3, 2006 is **GRANTED**.  All claims against Defendants Kittitas County and Agents 11-20 are **DISMISSED with prejudice**.

3. Plaintiffs' Motion for Extension of Time to Identify and Serve Defendants, **Ct. Rec. 39**, filed April 25, 2006 is **DENIED AS MOOT.**

ORDER – 5

The Court exercises its discretion to waive the time requirements of LR 7.1 and deny oral argument for this motion.

    4. Plaintiffs' Motion to Vacate Order on Motion to Dismiss, **Ct. Rec. 41**, filed on April 25, 2006, is **DENIED**. Plaintiffs' motion, which the Court construes as a Rule 59(e) motion to alter or amend Judgment, was filed over ten days after the April 7, 2006 Judgment and is untimely. The Court exercises its discretion to waive the time requirements of LR 7.1 and deny oral argument for this motion.

    5. Plaintiffs' Notice of Default of Washington State Patrol & Agents 1-10 (Ct. Rec. 57), filed on May 16, 2006, is **DENIED AS MOOT**. The Court exercises its discretion to waive the time requirements of LR 7.1 for this motion as well.

    **IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to counsel and *pro se* Plaintiffs, enter judgment consistent with this order, and close file.

    **DATED** this  18th   day of May, 2006.


                               *s/Lonny R. Suko*
                               LONNY R. SUKO
                      UNITED STATES DISTRICT JUDGE

ORDER - 6